IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES LYNN HOOD, 1493220,<br>　　　　Petitioner, | )<br>)<br>) |
| v. | ) 　No. 3:09-CV-1190-P |
| | ) |
| RICK THALER, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>　　　　Respondent. | )<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

　　　　This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I.　　Procedural Background**

　　　　Petitioner challenges his conviction for possession with intent to deliver cocaine. *State of Texas v. James Lynn Hood*, No. F-0758579-Y (Crim. Dist. Ct. No. 7, Dallas County, Tex., March 7, 2008). Petitioner pled guilty to the charges and was sentenced to fifteen years imprisonment. He did not appeal his conviction.

　　　　On March 24, 2009, Petitioner filed a state habeas petition. *Ex parte Hood*, No. 71,950-01. On June 3, 2009, the Court of Criminal Appeals denied the applications without written order on the findings of the trial court.

　　　　On June 8, 2009, Petitioner filed the instant petition. He argues:

　　　　1.　　The evidence was insufficient to support the deadly weapon finding; and

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

  2.  Petitioner received ineffective assistance of counsel because counsel:

    (a)  failed to argue against the deadly weapon finding; and

    (b)  advised Petitioner to plead guilty to the deadly weapon finding when it was not applicable to the facts of the case.

On December 18, 2009, Respondent filed its answer. On January 12, 2010, Petitioner filed a reply. The Court now determines the petition should be denied.

## II. Discussion

### 1. Standard of review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.     Statute of Limitations**

Respondent argues Petitioner's claims are barred by the statute of limitations. The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

---

[1] The statute provides that the limitations period shall run from the latest of--

>  (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>  (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**

In this case, Petitioner was sentenced on March 7, 2008. He did not appeal his conviction. His conviction therefore became final thirty days later on April 7, 2008. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner's federal petition was therefore due by April 7, 2009.[2]

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On March 24, 2009, Petitioner filed a state habeas application. (*Ex parte Hood*, No. 71,950-02.) This petition tolled the limitations period until it was denied on June 3, 2009. The limitations period was therefore tolled for 71 days. When 71 days are added to the limitations period, the new deadline becomes June 17, 2009. Petitioner states he placed his petition in the prison mail system on June 8, 2009. His petition is also dated June 8, 2009. The Court determines the petition is timely.

**2.      Insufficient Evidence**

Petitioner argues the evidence was insufficient to support the deadly weapon finding. Respondent argues this claim is procedurally barred because Petitioner failed to raise it on direct review.

The trial court found this claim procedurally barred, stating that under Texas law a petitioner cannot challenge the sufficiency of the evidence in an application for writ of habeas

---

[2]Although Respondent argues the limitations period started on the date Petitioner plead guilty, Respondent has cited no Supreme Court or Fifth Circuit case law to support this proposition.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 4**

corpus. (*Ex parte Hood*, No. 71,950-01 at 40.) The procedural default doctrine provides an adequate reason to deny federal claims based upon sufficiency of the evidence when the state habeas court has relied upon the procedural default and the Texas Court of Criminal Appeals denied the state petition without stating its reasons. *See West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996).

To overcome this procedural bar, Petitioner must show: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider his claims will result in a miscarriage of justice. *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000). Petitioner has shown no cause for the procedural default, nor has he demonstrated a need to prevent a miscarriage of justice. The miscarriage of justice exception is confined to cases of actual innocence, where the petitioner shows as a factual matter that he did not commit the crime. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Petitioner has failed to establish actual innocence or cause for the procedural default. Accordingly, the procedural default doctrine bars federal habeas relief on this claim.

3.  **Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore,

must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993))

Petitioner argues his counsel was ineffective because he failed to argue against the deadly weapon finding and he advised or allowed Petitioner to plead guilty to the deadly weapon finding. Petitioner raised these claims on state habeas review. The trial court determined that the deadly weapon finding was part of the plea agreement, and that Petitioner acknowledged that his counsel explained the agreement to him, and that he read and understood the agreement. (*Ex parte Hood*, No. 71,950-01 at 40.)

The record reflects that the plea agreement included a deadly weapon finding. (*Id*. at 47.) Petitioner signed the plea agreement, and the statement indicating he read and understood the plea agreement. Additionally, even if counsel had objected to a deadly weapon finding, Petitioner has not shown the deadly weapon finding would have been deleted. Petitioner has failed to establish he received ineffective assistance of counsel.

**4.**     **Summary**


**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 6**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 26th day of October, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 8**